HUGHES ET AL., RESPONDENTS, *v.* ROWAN ET AL., DEFENDANTS. ROWAN, APPELLANT.

(No. 1,481.)

(Submitted February 26, 1903.  Decided March 14, 1903.

*Removing Cloud on Title—Evidence—Attempt to Compromise.*

1.    In an action to remove a cloud from the title to a mining claim, plaintiff averred that defendant had no interest therein. On direct examination he testified that he knew of defendant's asserted claim of an interest two years before he brought suit, and that an exchange of deeds between him

and defendant had been made to enable plaintiff to perfect his chain of title so that he could secure a patent from the government, and with the understanding that the deeds should not transfer any interest. On cross-examination he testified that he had not attempted to purchase defendant's interest, nor authorized his attorney to endeavor to do so; that he told his attorney that he would rather settle the matter than have a lawsuit; that, in response to the attorney's proposition whether he should see if defendant would settle for what it would cost to have a lawsuit, witness said, "Yes;" and that ·defendant wanted $5,000. *Held,* that this testimony went to the credibility of plaintiff, he having averred that defendant did not own any interest or share in the property, and was improperly stricken out.

2.    Plaintiff was asked if he did not authorize his attorney to endeavor to purchase defendant's interest. *Held,* error to sustain an objection to the question as disclosing an attempt to make a compromise, for it might have appeared, if the question had been answered, that it was an attempt on plaintiff's part to purchase defendant's claim outright.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by John Hughes and others, executors of the will of Stephen Hughes, deceased, against Thomas Rowan and others. Judgment for plaintiffs. From the judgment and from an order denying a motion for a new trial, defendant Rowan appeals. Reversed.

*Messrs. McHatton & Cotter,* for Appellant.

MR. JUSTICE MILBURN delivered the opinion of the court.

The plaintiffs brought this action to remove an alleged cloud upon their title to the Copper Bottom quartz lode claim, situate in Silver Bow county. It is alleged in the second amended complaint, upon which the case was tried, that in 1888 James Fraser and William L. Robbins located the claim and became the owners thereof in common. Plaintiffs aver that Fraser and Robbins executed and delivered to one Thomas McCale a deed for an undivided one-third interest in the property, which instrument was lost without having been recorded, and that McCale conveyed this one-third interest to the plaintiff James Hughes. Thus, the plaintiffs allege, they, having had conveyed to them the other interests, acquired complete title to the whole property. They further allege that on the 23d day of

December, 1892, after the making of the deed from McCale to Hughes, Fraser wrongfully and fraudulently made, executed and delivered to the defendant Rowan a deed for an undivided one-sixth interest in the property, and that this deed did not, in law or fact, convey any title, for the reason that Fraser did not own any part of the realty at the time of the making of the last-mentioned deed, and that said deed casts a cloud upon the title of the plaintiffs. It is alleged further that the deed from Fraser to Rowan was made without any consideration, and that before the time of execution thereof Rowan well knew that Fraser did not own the property, or any part thereof, or any interest therein, and that Rowan had actual and constructive notice of the execution and delivery of the deed previously made by Fraser and Robbins to McCale, and of the one from McCale to James Hughes; and, further, that the deed from Fraser to Rowan was made for the use and benefit of Fraser himself. Subsequently the plaintiffs applied to the United States for a patent to the claim in controversy, and, being required to furnish a complete abstract of title, this abstract, when furnished, failed to show a deed executed from Fraser and Robbins to McCale, but did show that Fraser had conveyed to Rowan. The proceedings being thereby obstructed, it is alleged that for the purpose of expediting the issuance of the patent defendant Rowan, on the 29th day of December, 1892, without any consideration, conveyed to the plaintiff James Hughes, by deed, an undivided one-sixth interest in the real estate for the purpose of aiding in the procuring of a patent to the plaintiffs; but plaintiffs allege that this deed did not in law or equity convey any right or title whatever. It is further alleged that, at the very time of the making and delivery of the last-mentioned deed, the plaintiff Hughes executed and delivered to said Rowan a deed reconveying the undivided one-sixth interest; these two deeds were delivered at one and the same time, one in exchange for the other, and it is claimed by plaintiffs that the deeds were, each of them, made and delivered without valuable or any consideration. The deed from Rowan to Hughes recites, among other things, that the conveyance was made "in trust

for the purpose of applying for a United States patent thereon."
The deed from Hughes to Rowan contains this participial
phrase: "It being the intention of the said party to reconvey
to the said second party an undivided one-sixth interest of, in,
and to the said claim, which said interest has this day been
conveyed to the said first party for the purpose of applying for
a patent thereon." The defendant Rowan appeared and de-
murred to the amended complaint, one ground of demurrer
being that the complaint did not state facts sufficient to consti-
tute a cause of action, or to entitle the plaintiffs to the relief
asked. The cause having been tried upon the issues joined
before the court, a jury having been expressly waived, findings
of fact and conclusions of law were made and found in favor
of the plaintiffs, and a decree entered accordingly. From the
judgment, and an order denying a motion for a new trial, de-
fendant Rowan appeals. Respondents did not file a brief or
appear to argue this case on appeal.

The overruling of the demurrer to the complaint is not men-
tioned in the brief of counsel or relied upon as error, and what-
ever views we may have upon this point, not presented, we re-
frain from expressing. Besides the point raised as to laches
of the plaintiffs, suggested in alleged error No. 2, which point
has nothing in support of it to make it worth our consideration,
the only errors relied upon and mentioned in the brief, and
properly presented in the argument so that we can consider the
same, are those numbered 7 and 8, to-wit: "The court erred
in sustaining plaintiffs' objections to the questions asked the
witness James Hughes on cross-examination;" and: "The court
erred in sustaining plaintiffs' motion to strike out certain evi-
dence of the said witness"—reference being made pointedly to
the transcript.

It appears in the testimony, and is averred in the complaint,
that the plaintiff James Hughes, in order to procure a patent
from the government, his chain of title appearing deficient, five
days after the recording of the deed from Fraser to Rowan
solicited and procured from Rowan the deed above referred
to for the one-sixth interest, and on the same day reconveyed to

Rowan, in manner and form as above suggested, the same interest. In his direct testimony he testified that at the time of the making of these two deeds the understanding between him and Rowan was that they should not transfer any interest, but should leave the interests as they were before the deeds were made. On cross-examination he testified that he waited until the 1st of July, 1894, before commencing this action, and that it was not a fact that he tried to buy this interest during the interval, meaning between the 29th day of December, 1892, and the 1st day of July, 1894. Witness stated that he knew on the 29th of December 1892, that Mr. Rowan claimed to own this one-sixth interest. He also stated that he did not authorize his attorney, Mr. Walsh, to go to Rowan and try to buy it before this suit was begun, and that he did not authorize any one else to do so; that Mr. Walsh was his attorney, and represented him in the matter part of the time. Witness had a conversation with Mr. Walsh before he commenced this suit, with reference to an attempt to purchase the share which Rowan claimed, and told his counsel that he would sooner settle it than have a lawsuit; that Mr. Walsh made a proposition to him (witness), and said: "I will see Mr. Rowan, and if he wants to settle it for what it would cost to have a lawsuit"—and witness said "Yes;" that Mr. Walsh went to Mr. Rowan, and Mr. Rowan wanted $5,000. Whereupon, further pursuing the cross-examination, counsel for Mr. Rowan asked: "You did authorize Mr. Walsh to go to him and try to purchase this interest?" Counsel for the plaintiffs objected to this question "as incompetent, irrelevant, and not proper cross-examination," and asked "that this evidence be stricken out, as to an offer to compromise the suit;" which motion was granted, defendant Rowan saving an exception to the ruling of the court.

The court erred in striking out this testimony of Mr. Hughes in regard to the negotiations with Mr. Rowan, and in sustaining the objection to the question last above stated. In the light of the fact that the suit was to remove an alleged cloud upon the title of the plaintiffs, cast by the deed from Fraser to Rowan and the deed from witness Hughes to Rowan, it is difficult to

understand why the court would strike out any testimony so
relevant, and touching, as it did, upon the relations between
the two parties. It certainly went to the credibility of Mr.
Hughes, he having averred that Rowan did not own any interest
or share in the property.

The court erred in assuming, without giving an opportunity
for all the facts to come out on cross-examination, that this was
an attempt to make a compromise. For all that the court knew
it might have been disclosed, by permitting the ques-
answered, that it was an attempt on the part of Hughes to pur-
chase outright the claim of Rowan, and not to compromise for
the sake of preventing the expense and annoyance of a law-
suit. We cannot say that the answer to this question, if it had
been made, would not have properly influenced the court to
find in favor of Rowan. Considering the inconsistent acts of
the principal plaintiff, James Hughes, in dealing with Rowan
to procure a deed from him for an interest which he swears he
knew Rowan claimed—and this a year or two before the suit
was commenced—the defendant Rowan certainly had the right
to thoroughly cross-examine Mr. Hughes as to the full nature
of the negotiations with Mr. Rowan, especially as the witness
stated, in his testimony which was stricken out, that he had a
conversation with Mr. Walsh before commencing suit, with
reference to an attempt to purchase the claim. If the negotia-
tions were in fact in the nature of a compromise, of course Mr.
Hughes could not be, in law, prejudiced thereby; but it might
have turned out upon cross-examination that it was an attempt
to buy with the recognition of the ownership of Rowan.

As the cause must go back for a new trial, it is regrettable
that other points suggested are not properly presented in the
brief, so that this court could pass upon them. Reversed and
remanded.

*Reversed and remanded.*